This is our first case of the afternoon. People of the State of Illinois v. James Howe. We have the Appellant, Mr. Vig, and the Appellant, Mr. Sheffield. You may proceed. May it please the Court, Counsel. Your Honors, this is a fairly straightforward matter. My client, James Howe, was committed as a sexually dangerous person without a diagnosis of a sexual or paraphilia disorder. In that respect, he is in a different boat than most of the people who are committed in big money. He filed a petition for judicial review alleging that he's not getting any treatment for his mental disorder. So, he's committed on, depending on whether you look at Dr. Jekyll or Dr. Killian's evaluation, either personality disorder, NOS, or probable personality disorder, and substance abuse disorder. And if you look at all three of the original evaluations, Jekyll, Killian, and Witherspoon, all of them include diagnosis of substance use disorders, or as Dr. Killian calls it, polysubstance disorder. Common law record 204, 182, and 259, respectively. So, Mr. Howe files a petition for judicial review. He alleges he's not getting any treatment for his mental disorders. Okay, so let's stop there. He files the petition. He files it pro se. It's a very long petition. Yes. It's 18 pages long. What is the gist of his claim in regards to the treatment that he is not receiving? He's not receiving substance abuse treatment that is going to help him recover. There's no personality disorder treatment, so the only treatment that he's seeking is this substance use treatment. Okay, and is he entitled to receive that treatment? We believe he is because the act requires a mental disorder. These are his mental disorders. Substance use disorder is treatable. Okay, so what is the source? What is the authority that you're claiming should guide us in determining whether or not he's entitled to receive that type of treatment? He cited McDougall. He cited Section 8 of the Sexually Dangerous Persons Act. But what are we to look at in determining whether or not the trial court was correct in dismissing the petition? Where do we go to determine whether or not he had the right to this type of treatment such that dismissal was improper? Judge, I think that the source, you're not going to find it in the statute itself. What you're going to find is simply that he's committed as a person having a mental disorder that predisposes him to commit sexual offenses. And so the argument is, and I apologize, I'm trying to recall whether it was in Kastman or another case where there were allegations about, again, not getting substance use treatment. But here, Mr. Howell's position is simple. His substance abuse problems are a major part of his risk factor. In fact, when he was on conditional release, he violated his conditional release in large part because he couldn't keep his act together with respect to substance use. Okay, so McDougall uses this wording. He says, The sexually dangerous person bears the burden of demonstrating that he is not being afforded treatment designed to affect his recovery, as required under Section 8 of the Act. So if we just use that as the measure, how is that established? First, is that simply all he has to plead in order to get past the pleading stage? That he's not being afforded treatment designed to affect his recovery? Does that get him over the hump and now it's on to evidence? Your Honor, I would argue, again, keeping in mind that although this is a civil proceeding, because there's liberty of interest involved, his pro se pleading should be liberally construed in terms of what it was. Why don't you reframe it? Why don't you file an amended petition so that it adds some clarity to it? Your Honor, I did not believe, well, let me put it this way. I admit I did not amend my client's pro se petition. I believe clearly that he had pled enough to get into evidence. The court may disagree with me, I understand that, but I believe that there was sufficient, that there had been sufficiently pled. And frankly, the state's complaint, their response, was not the clarity of his pleading. Well, it's almost that there should be a plague on both of your houses because I don't know that a response is a motion to dismiss and we can talk with opposing counsel about what that response actually was. But ultimately, the trial court dismissed your client's petition and, you know, we're left with a mess. This is a mess. I understand. Your Honor, it's our position that the sexually dangerous person should not, it should not be a heavy burden to get the court to take a look at what is or isn't being done for that person. Here, it's clear from the record, he doesn't have a sexual, a paraphernalia disorder. And so, just giving him sexual disorder treatment isn't going to affect the recovery because he doesn't have a paraphernalia disorder, according to all three of the committing evaluations. He's alleging substance abuse treatment would be helpful, it would reduce his risk to re-offend. It's clear, that much is clear from his petition that he's alleging that. And I think on that alone, to say, Judge, I think I need this, I'm not getting this, please take a look at it. I think that should be enough to get into court, so to speak. But it all has to be within the framework of the Sexually Dangerous Persons Act, right? Sure. And the committing document in the Sexually Dangerous Persons Act is the judge's commitment order, right? Your Honor, I think the statement... Okay, it's not a difficult question. Yes, no. I think, no, Judge. May I explain why? The document by the judge, identifying him, A, as a sexually dangerous person, B, finding that, beyond a reasonable doubt, the evidence proves that he's substantially probable to engage in commission of sex offenses in the future, that that document is not the committing document upon which everything you're talking about relies. Judge, the legal finding made by the court, yes, but any factual findings in that committing order, no. And my reasoning is this, Your Honor. Where in the statute does it say that the judge's commitment order is not the document which precipitates the need for treatment and confinement within the definition of the Sexually Dangerous Persons Act? Judge, I seek to differentiate between the legal finding and factual findings underlying it. Well, right now we're talking about the law. All right. So, as to the law, yes, the judge... In this case, it was a bench trial, and the judge found that the state had met its burden to prove that he was a sexually dangerous person. The Act triggers certain things based upon certain findings by the trial court, correct? So, in terms of the elements, yes, certainly that means that the court has made a finding that the person had a mental disorder, existed for more than one year, predisposed the person to commit sexual offenses, yes. All of those were found? Those are, as a requirement of law, must be found in order to find the person SDP. Now let's talk about the facts. Yes. There is not one word in the court's order indicating that he is in need of substance abuse treatment, or that substance abuse treatment is required as a part of his treatment, or that substance abuse treatment is recommended as a part of his treatment, correct? That is true, Your Honor, nor neither be. Okay. You're saying as long as somebody used the words substance abuse treatment somewhere in the past, somewhere in the record, he's entitled to review under your theory? No, Your Honor, what I am arguing is that because the person must have a mental disorder as a part of this statute... Which has been found. It's been found. The condition of being sexually dangerous, the legal condition, must be premised on a mental disorder. If you look to the record at what were the mental disorders... That's not the question, though. The act is triggered by the finding. The court found him to be a sexually dangerous person. Yes. The court didn't say who is in need of substance abuse treatment. That's true, Your Honor. The act doesn't require that. The act does not require the court to direct the director on how to treat the person. That is true. But that's exactly what your client is requesting. Well, my client is requesting that the court review the treatment that the director is providing him because my client is alleging that he's not getting treatment designed to affect his recovery. Yet, there is no order in the file indicating that he is required to receive substance abuse treatment in order to treat his sexually dangerous person's status. Your Honor, to my knowledge, a court never tells a director at the outset how to treat the person when they commit them. Isn't it possible that you could have, instead of Judge Schmitt's very comprehensive order, the seven-page what's entitled court's verdict, you could just as easily have had an oral ruling by the trial court saying the state's petition is granted, that Mr. Howe is hereby committed to the Department of Corrections, and so forth, and not have had any discussion, as Justice Schmitt had in his order, in regards to whatever the underlying offenses were and so forth? That is absolutely true, Your Honor. It would also be true that if Mr. Howe had chosen a jury trial rather than a bench trial, a jury verdict would not contain any factual findings. It would simply be a verdict, just as if the court had orally pronounced his verdict. So should it be different here, since we do have a much more detailed set of factual findings by the trial court, that this instance provides everything that's necessary in terms of determining, according to McDougall, what treatment is necessary to affect Mr. Howe's recovery? Not at all, Your Honor. Your Honor, it's our position the trial court is not in a position to tell the director how to do his job. Rather, the trial court is in a position that, if the director is not doing his job, to take a look at it. Let's say this, you got past the dismissal stage, what's it look like in the trial court? Who's testifying, what evidence is being presented, and who's telling the court what treatment is appropriate? Sure. Judge, I think I would analogize to any other situation where someone is alleging that a guardian is not discharging their duty to the ward. Here, we're looking at a situation where the guardian has a specific legal obligation, that is, to provide treatment designed to affect recovery. And so the evidence would necessarily consist of what is the treatment he's getting and what would help him recover. So, in order to recover from a legal condition, one way to recover from a legal condition is to recover from an underlying mental condition. Because if you don't have an underlying mental disorder, you can no longer be sexually dangerous. For example, Guthrie. If the mental disorder goes away, so does the legal condition of being sexually dangerous. Let me ask what evidence there is in the record that he needs substance abuse treatment. Well, Judge, I think in the entirety of the record, if you look at not only all the evaluations, certainly at the evidence that came in at the second revocation hearing, the hearing at which his conditional release was revoked, Mr. Howe has a long history of substance problems, and it seems that much of his other criminal history is directly related to that. And so I think it's pretty clear, and again, I think I referenced the common law pages that was 204, 182, and 259, where the three original evaluations go into the substance abuse. Your Honor, our position is this. He clearly, according to everybody, every expert who has ever diagnosed him, has this. Whatever else his issues are, he has this. Substance abuse disorders are, unlike some other mental disorders, they are indeed amenable to treatment. And with good treatment, there are many people who have been in remission for long periods of time. So to say that the evidence that he needs it, well, substance abuse has been a continuing problem for him. There are certainly strong arguments to be made that if that were under control, his propensity to reoffend would be much lower. Has any expert said that? Your Honor, I think that the... In this particular case, I don't know that there's been an occasion to introduce that testimony. But I... You've got three reports. None of the three reports say that in order to treat his sexual issue, Mr. Howe needs substance abuse treatment. Well, he doesn't have a sexual issue. He's sexually dangerous because he has mental issues, Judge. Fair enough. And so... None of them say he is required to get, or we, my professional opinion is he must get substance abuse treatment in order to treat his mental issues. And none of the evaluators are asked to pass on what the treatment should be. So the answer is no. That's true, Judge. Nowhere in the record will you find a prescription for how the director should do his job. Nonetheless, Mr. Howe is alleged to have... He's just couching it that way, but the expert could say, if they believe that it was true, because he has this disorder, not otherwise specified, and because he's previously had problems with drugs, he qualifies as a sexually dangerous person, but he should get additional treatment or supplemental treatment for substance abuse. Why would they not... I understand you don't get... We don't get to tell the director of the Department of Corrections what to do. But judges, trial judges, make all kinds of sentencing recommendations. And what would prompt this trial judge to have intimated that, or suggested it, or highly recommended it, if that was in front of them? But it's not in front of them. Based upon the reports. Judge, I'm unfamiliar with a situation in the context of STPs where a recommendation is made to the corrector. I understand the court's point that in criminal cases, sentencing recommendations are frequently made, but I've not come across that in the context of the Sexually Dangerous Persons Act. Well, let's go at it another way. Is there anything in the record that tells us, before the filing of this pro se petition, that your client has asked for such treatment? Or that anyone has told him, if you ask for it, it's denied, because we don't have it here, we don't want it here, or we don't think you need it. So, before the filing of his petition, Judge? He said, I've been in here for a while. I think I need treatment for substance abuse. That's sort of like a patient going into the hospital and telling the doctor what they need. But, has he said, is there evidence in the record that he said, I've asked for such treatment, and I've tried to explain to the people that are treating me, that I think, because I've had prior problems with substance abuse, I think that needs to be treated as well as whatever sex offender treatment I'm receiving. Judge, to my knowledge, it's not in the record, and the only reason it was, he wasn't allowed to proceed to an evidentiary hearing on judicial review. Well, you can provide an affidavit. I've asked for such treatment, it's been denied to me. To my knowledge, there is no such treatment available at this center. If it were before the court on a motion for summary judgment, I would think an affidavit would be an appropriate way to deal with it, perhaps. Well, you can have an affidavit attached to a motion. It's a pro se petition, you don't owe us nothing. We understand that, Judge. I mean, I think it goes to say that a pro se petitioner doesn't go through the work of writing all this up if he hasn't been refused, but I understand that he hasn't made an affidavit as part of his petition. I don't think he's required to do that. I think he's required to make allegations in order to get past that stage. So, does the court have any other questions? I see my time's up. No, thank you. We'll hear from you on rebuttal. Thank you. Thank you. Good afternoon, Your Honors. May it please the court, counsel. Jonathan Sheffield, Assistant Attorney General, representing the appellee. Just before I begin, I'd just like to make two points of clarification. First is that there seems to be some confusion about what type of proceeding we're in. A medieval proceeding, whether this is at the pleading stage or this is a motion. And I just want to bring this court back to Castman, which said that, which resolved that a person seeking review of their treatment must file a motion in the committing court and not a new action. And so, although there was some discussion in the circuit court and we borrowed the civil procedure rules for 2615, 2619, really what we have here is the denial of a motion by the circuit court. The motion was seeking an order in aid of the commitment order. And that is what Castman holds. I'm not following you. Why do we need redirection? Well, Your Honor, I'm sorry. Just because we were speaking in terms of pleadings and allegations. Yes. And so, Mr. Howe filed a motion seeking review of his treatment and the circuit court denied that motion. And part of that is whether, the question is whether there should have been an evidentiary hearing perhaps before the circuit court denied that motion. But I just wanted to make sure that we're all. Well, you just confused me where I didn't think I was confused before. Mr. Howe filed a motion requesting certain relief. You, not you, but another ASB filed a response that sought dismissal of that request for relief, correct? Your Honor, I apologize that my colleague's motion isn't very clear on this, but it both asks that the petition be denied and that it be dismissed at different points. Well, those are two different things, denial and dismissal. Denial is a hearing on the merits, and it is denied on the merits. Dismissal is something short of that. It doesn't get to a consideration on the merits. To simply put, Mr. Howe filed a request for relief. The state responded asking that it be dismissed, right? And the trial court dismissed the motion or Mr. Howe's petition. Is it more complicated than that? It doesn't have to be, Your Honor, but I do just want to point you to page C, 1470 of the record, where we requested that the petition be denied. And again, later said dismissed. And at the hearing, there was some confusion about how, whether the assistant attorney general didn't know if we were setting an argument, setting a date for argument, or if they were going to argue the case. And it got into- Counsel, it's much simpler than that. I don't care as to how it might have been, or how it could have been interpreted. I'm just simply asking how it was handled. And that's how it was handled. A responsive pleading was filed. It proceeded to a dismissal. State was requesting dismissal at the time of that hearing. And, in fact, it was dismissed, right? Well, not pleading, Your Honor. That's the only thing I'm trying to clarify is that this is a motion. You think that there was an evidentiary hearing that was held and there was a denial of the petition? No, Your Honor. There was no evidentiary hearing. I just want to clarify that the director in these commitment proceedings is filing a response to a motion and asking the court to, on the merits, deny the motion. But, Your Honor, even if we proceed in light of the civil procedure rules on whether to dismiss a complaint, the point that I just wanted to make sure is that we're all- Counsel, we're not relitigating what happened. What happened happened. I'm just simply wanting to understand how you're recharacterizing this in a different way than I am. I'm looking at what happened. Mr. Howe filed a petition. The state filed a response. Within that response was contradictory language asking either for a denial or for a dismissal. At the time the trial court took it up, the parties discussed it being a dismissal motion. That's, in fact, how it was handled, and the trial court dismissed it. Is that correct or incorrect? Your Honor, that is correct. I do apologize. Okay. Then that's where we're at, not how it might have been handled differently. And the other point that I just wanted to clarify, Your Honors, is the primacy of the commitment order. The commitment order is, yes, it is possible for the judge, the committing judge, to make a nondescript finding about what diagnosis supports conviction. But there has to be a diagnosis that, or not conviction, I'm sorry, commitment. But there has to be a diagnosis that supports that commitment. And here that diagnosis was the personality disorder with antisocial features. Let's just step back again. Code of Civil Procedure governs how these cases are handled procedurally under the Sexually Dangerous Persons Act, right? Yes. This was a dismissal of the Mr. Howe's petition. A dismissal can be either under 2615 or 2619. 2615, the claim is, is that it doesn't set forth a claim upon which relief may be granted. Okay? 2619, there's some defect or some affirmative matter that defeats the claim. And it's just simply whether or not a petitioner has pled an actionable claim here. That's what we're talking about. So how is it that it was defective? Putting aside what might be ultimately decided on the merits where evidence is considered, how was this petition defective such that it was dismissed? And I'm using those words very carefully because this involved a dismissal and not a denial. Yes, Your Honor. So the petition alleged that Howe needed substance abuse treatment, not sex offense therapy. He admitted he was offered sex offense therapy, but said it would never help him recover from the condition underlying his confinement. This is wrong in two respects. First, his petition simply disagrees with the diagnosis underlying this. Counsel, at this stage, you have to accept the allegations as true. Okay? So you can't dispute what it is that he's saying and saying those are incorrect. That's not the inquiry at the stage where you're requesting dismissal. Just looking at the petition on its face, the motion on its face, he wrongly alleged that substance abuse treatment wasn't available to him. He said that sex offense treatment was available to him. But the regulations make clear that sex offense treatment covers substance abuse treatment when medically deemed appropriate. And so on its face, the petition, the motion said that he was being denied some treatment, that the sex or drug abuse treatment. But that is not what the statute says, that the director must provide treatment in conformance with the sex offender. Let me just get to the language here. The care and treatment must be in conformance with the standards promulgated by the Sex Offender Management Board Act and conducted by a treatment provider licensed under the Sex Offender Evaluation and Treatment Provider Act. So the director is not permitted to substitute a freestanding program to treat substance abuse for sex offense treatment as how it desires. Rather, if substance abuse counseling were needed, an allegation that we've discussed, that counseling must be provided as a component of sex offense treatment. And so the sex offense treatment covers that. It's outside in our brief. It's section 1905.100B1 in the regulation says that when evident problems with substance abuse are a risk factor, then the sex offense treatment providers will work with, they will either counsel themselves the person or they will make a referral for that treatment. And here, Howe has not alleged that he's participated in treatment. And this is important, Your Honor, because the act is set up so that people who are committed are there only as long as necessary to be recovered from a condition that was found to make them sexually dangerous. And here, opposing counsel has been talking about personality disorder not being a paraphilia disorder. But that's not what, that's not based on any language in the statute or regulations. Tell me this. What is, at a minimum, what would an individual who's been committed under the SDP Act be required to plead in order to request the type of relief that Mr. Howe is requesting here? That being a review of his treatment and a request that treatment be ordered that's designed to affect his recovery. What would be the minimum that he'd have to plead? Well, so we have two cases that give us a little bit of an idea, McDougall and Castman. Castman was a venue case, but the circuit court in that case did grant a motion for review of treatment and order additional treatment where an individual had been denied, had been diagnosed and committed because of a substance abuse disorder and then had been denied release because although he had been given some treatment, he hadn't been, he had been denied release because he had untreated substance abuse issues. And the circuit court ordered additional treatment, additional substance abuse treatment for that individual. And so here, Howe needed to allege at a minimum that he had completed available sex offender treatment, but that he was being denied release on the basis of some needed additional treatment. And we don't have that here because Howe didn't participate in treatment. He said that that was not suitable for him. But that's not something that the Act or regulations allow. The persons who decide what sort of treatment sexually dangerous persons need are the mental health professionals employed by the department. And here we have a voluminous record dating back from 2013 and 2015 where mental health professionals have said that the personality disorder that Mr. Howe has makes him sexually dangerous. Although it is not a disorder that generally is paraphilic in that he is not always thinking about sex, but this personality disorder makes it such that he has a lack of regard for his victim's feelings and lack of consent and is only concerned about his own, having his own gratification. And that's what the commitment order has discussed, and that's what all of the mental health professionals in the record have said. This is something that I'm not grasping. I understand that in the record there are these things that one could look at in terms of the testimony of the experts, reports, and the commitment order itself. But when we're at a pleading stage, where we're simply looking at whether or not the petitioner here, Mr. Howe, has sufficiently pled a request for review of his treatment, why any of that should be considered? Because Mr. Howe has alleged that he was offered the only treatment authorized by statute, yet instead sought unauthorized treatment and unavailable to leave. So the defect here, then, in his pleading, are you saying that this was a dismissal under 2619, that there was some affirmative matter that defeats Mr. Howe's claim, as he set forth in his petition? Is that it? Well, Your Honor, I do think that that is one argument, but I'm trying to constrain my focus now to the 215 concern about the lack of an allegation that would entitle to Howe to leave. And here that lack of allegation is that I participated in treatment in my honest and fullest, which is what was alleged in Kastman and McDougall. Here we have someone who said, this type of treatment is inappropriate for me. I should be getting substance abuse treatment. I don't have a personality disorder problem. He's literally said that when he sought discharge in 2015. He said that, I've read the DSM-4 and 5. Personality disorder isn't my problem. My personality disorder traits are only manifested when I'm drunk or high. And that's not what any of the treatment providers said. In fact, to respond to a point that opposing counsel made, that if his substance abuse disorder were treated, that he would have potentially less tendency to engage in sexual offenses, page C788 in the record of the psychologist who evaluated Mr. Howe when he applied for discharge in 2015 said that, abuse of drugs and alcohol has not been actuarially associated with an increased risk for sexual recidivism. It's clinically relevant as it's associated with general self-regulation of behavior. So here, the role that substance abuse plays is, substance abuse is a risk factor. And I do understand what you're saying in that regards, but it sounds more like a defense that's presented in an argument that's made to the court after the matter has reached an evidentiary hearing and a basis upon which a trial court would deny the petition. But I just don't understand how that constitutes the basis for a 615 dismissal, that the petitioner has failed to set forth a claim upon which relief may be granted. Can you explain that? Well, because, Your Honor, in reviewing the sufficiency of the complaint, the circuit court would look to the law and regulations and here we have a regulation that clarifies the role that substance abuse plays in treating individuals who are sexually dangerous. It says that the 20 Illinois Administrative Code Section 1905.100B1 says that persons who have evident problems related to substance abuse have a risk factor that will be treated. But those regulations also clarify that risk factors are a point in treatment that is dealt with after an individual gets through the first phase, which is dealing with issues with identifying the offenses and taking some responsibility, identifying also the cognitive distortions that cause the person to sexually offend. And here, Mr. Howell hasn't alleged those cognitive distortions, but this is a motion in a case. And so even if we look at the other matters in the case as a matter of Section 2619, affirmative matters that would defeat that, this court should look at those items because there is no dispute that these treatment providers have made professional recommendations about Mr. Howell and those are part of his treatment that he's alleging is deficient. And just as a matter of 2619, Your Honor, I think that that is important. So again, the opposing counsel has talked about this. What about this? Yes. At page 20 of your brief, and it's where you're talking about what under the Act, and I'm not sure this is out of the Administrative Code, Section 1905.100B1, but in any event, at page 20 of your brief, you write that in terms of the treatment, quote, interventions focus primarily on risk factors that are linked to sexual and non-sexual recidivism. To that end, treatment providers must assist sexually dangerous persons with evident problems related to their substance use patterns. Now, frankly, I just am picking up on words in that, but substance use patterns seems suspiciously close to substance abuse. How is that then not treatment that's contemplated under the Act? Oh, no, it certainly is, Your Honor, but it's when in treatment is substance abuse dealt with. And the Act and its regulations, the clinical regulations under the Act, show that the first steps that sexually dangerous persons must deal with in treatment is identifying the behavior and diagnosis that are the basis for the commitment and developing some understanding about the cognitive distortions related to that behavior. And here, that's a personality disorder with antisocial features that prevented Hal from understanding his victims. And then after that step, after there's some engagement in therapy on that point, cognitive restructuring, then dealing with ways to manage that distorted thing, because there's no getting over a personality disorder. And the cases on discharge say that you can't hold a person just because they haven't gotten over that mental disorder. What they have to learn is how to manage it. And once you learn to manage it, then you need to think about the other dynamic risk factors that are laid out in the regulations, and those include substance abuse. Because, again, as treatment providers said, that substance abuse is associated with losing the ability to go back to the things that you learned in counseling. And so substance abuse plays a role later on in treatment, and that's up to the treatment providers to determine. So to allege under 2615 sufficient facts to entitle Mr. Hal to an evidentiary hearing, he would need to say that I've participated in treatment, and I've been told that substance abuse is preventing me from moving on in treatment. I'm asking the court to order a referral, because I've already sought one, and I've been denied one. Or I'm asking the court to order my counselors to provide me substance abuse treatment. Should he have been allowed to replete? Your Honor, typically, yes. But at the dismissal hearing, counsel for Mr. Hal stood on the dismissal and asked for permission to appeal immediately. He said, Your Honor, on page R-1265, the court said, Thank you. Based on the pleadings and argument, the people's motion to dismiss will be granted. Other issues to take up at this time, Your Honor, my client wishes to appeal that ruling on the motion to dismiss. And so without requesting that, Your Honor, there's no basis for a remand to be plead. So I see that my time has expired, Your Honors. I just want to note that this is a very new area of law created after McDougall in 1998, and that this is a very serious area because sexually dangerous persons are committed indefinitely, but that we take these commitment decisions very seriously. And here we have a commitment order that constrains the department's treatment. And so we'd ask that you give that primacy. And with that, we ask you to affirm the judgment. Thank you, counsel. Conrad Buttle. Your Honors, I believe I was asked before if there's anywhere in the record that shows that Mr. Hal had been participating in treatment and been seeking substance abuse treatment that he couldn't get. Counsel, in his argument, just referred us to the first recovery evaluation that was done June 4th of 2015. In that evaluation, it's very clear. So that's part of the record. It happened long before then. And from C777 and for the next several pages, there's a discussion about what's been going on in his participation in treatment and his blaming his issues on drinking and his belief that if he could stay away from drinking and drug use, that he'd be okay. It is very clear from that discussion that this has been going on for some time. So is that in the record? Yes. The state seems to rely heavily on the regulations and my clients not fulfilling graduating from the first step according to them, which, of course, is frequently a hang-up of a person is committed in an SCP proceeding with an index offense for which they're not convicted because the state never goes to trial on that particular offense. That last offense that's being considered in the evaluation is not one where there's been a finding of guilt. And many times, these treatment providers require someone to admit that they did what they've not been convicted of in order to go further in this sex offender treatment. For Mr. Howe, who's committed without diagnosis of paraphiliac disorders, this is completely unnecessary. It's unnecessary for him to re-litigate whether he did it or not, for him to argue with the treatment providers about whether he must accept the responsibility for something he maintains he didn't do, when his issues, according to him, have consistently been drugs and alcohol. He has alleged more than enough to say that he should be able to get into court and have a hearing on this. Does the court have any further questions? Apparently not. Thank you. Thank you, Your Honor. I'll keep this matter under advisement.